# Ex Parte Solla.

Appeal from the District Court of San Juan.

No. 433.—Decided December 17, 1909.

Appeals—Judicial Administration—Order Sustaining Appraisement of Experts Appointed by the Court Nonappealable.—When appraisers have been appointed by the court in accordance with the provisions of section 37 of the Law of Special Proceedings, and have submitted their valuations and the court refuses to consider a motion objecting to them presented by two natural children interested in the estate, the order of the court is nonappealable, not being authorized by section 295 of the Code of Civil Procedure nor by the Law of Special Proceedings.

Id.—Time to Appeal from Order or Interlocutory Judgment.—Appeal authorized by subdivision three of section 295 of the Code of Civil Procedure, must be taken within 10 days after the order or interlocutory judgment is made and entered on the minutes of the court.

The facts are stated in the opinion.

*Mr. Artemio P. Rodríguez* for appellant.

*Mr. José Oller* for respondent.

Mr. Chief Justice Hernández delivered the opinion of the court.

Under date of September 28 of last year, Miguel Solla y Estrada filed a sworn complaint in the District Court of San Juan, alleging that he was the acknowledged natural child of Gregorio Solla y Dávila, that the latter had died in Bayamón on the ninth of said month without leaving a will, that his heirs were the widow, María Maisonet, three legitimate children had of his marriage and three acknowledged natural children, of whom the petitioner was one, and that his estate consisted of different property, for which reason he applied for the appointment of a judicial administrator, as authorized by the act relating to special proceedings, approved May 9, 1905.

The court, after having heard the person interested, appointed the widow of the deceased, Gregorio Solla Dávila, María Maisonet, the judicial administratrix of his estate, and after entering upon her duties she prepared an inventory which she filed in said court on January 13 of the current year with the prayer that experts be appointed to appraise the property comprised in said inventory, because the persons interested had been unable to come to an agreement on this point and it was necessary to apply the provisions of the last paragraph of section 37 of the said act.

The court appointed Angel Umpierre and Sebastián Dávila to appraise the chattels and rural estate, and Joaquín Tormas and Pedro Dávila to appraise the other property; and the said experts having submitted their appraisals, Miguel Solla and the two other natural children of Gregorio Solla Dávila made objection thereto by motion, which was argued and decided by order of May 29 last denying the motion on the ground that the property inventoried had been

appraised by experts appointed by the court. From this order the objecting parties took an appeal on June 28 following to this Supreme Court.

Upon examining the nature of the order appealed from in relation with the provisions of section 295 of the Code of Civil Procedure, which established the cases in which an appeal may be taken to this Supreme Court from decisions of district courts, we do not find it included in any of said cases, nor does the act relating to special proceedings grant such an appeal, for which reason we must arrive at the conclusion that it is not appealable, and, consequently, this court lacks jurisdiction to decide this appeal.

Even on the false assumption that the appeal were authorized by subdivision three of section 295, it could not be considered because it was taken after the expiration of the term of 10 days therein determined.

For the reasons stated we understand that the appeal taken from the order of the District Court of San Juan of May 29, last, should be dismissed, with the costs against the appellant.

*Dismissed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Justice del Toro did not take part in the decision of of this case.